June Term, 1861.

GALLUP et al. v. JOHNSON.

---

GALLUP and another vs. JOHNSON.

A justice of the peace before whom an action for the recovery of personal property is tried without a jury, may (as in other cases) take time to consider upon the cause, and may for that purpose continue it for a period not exceeding seventy-two hours from the time it is submitted to him. R. S. 1858, chap. 120, sec. 96.

ERROR to the Circuit Court for *Fond du Lac* County.

June Term,
1861.

Gallup et al.
v.
Johnson.

An action to recover possession of personal property, brought by one Moore against *Johnson*, before *Gallup* as a justice of the peace, was submitted to the justice on the 13th of September, 1859 ; and he took seventy-two hours for consideration of the same, and within that time rendered judgment for the plaintiff, directing a return of the property to him and assessing its value, &c.   On the 19th of the same month, the justice made an order directing *Utter*, a constable in whose custody the property was, to deliver it to Moore, and it was so delivered.   *Johnson* afterwards brought his action against *Gallup* and *Utter* to recover said property ; and the circuit court held that at the time the judgment was rendered and order made in the case of *Moore vs. Johnson*, the justice, *Gallup*, had no jurisdiction.   Judgment for plaintiff, *Johnson*, upon which the defendants sued out this writ of error.

The opinion of the court states the question presented in the case.

*Campbell & McLean* and *Charles A. Eldredge*, for plaintiffs in error.

*E. Hooker, contra.*

November 2.      *By the Court*, DIXON, C. J.   The question presented by this case is, whether a justice of the peace before whom an action for the recovery of the possession of personal property is tried without a jury, may take time to consider upon the cause, and, for that purpose, continue it for a period not exceeding seventy-two hours from the time the same is submitted, as provided in section 96, chapter 120, Revised Statutes.   The defendant contends that the provisions of section 144 of the same chapter are in conflict with those of section 96, and take cases of this kind out of the general rule prescribed by it; that it requires the justice to give judgment immediately after the cause is submitted.   The last clause of the section, upon which the argument is placed, obviously relates to a time after the cause has been heard, considered and determined upon its merits, and prescribes what the justice shall do immediately after the decision is announced.   The preceding clauses declare that the plaintiff

June Term,
1861.

GALLUP et al.
v.
JOHNSON.

shall prove all the allegations of his complaint, and on such proof the justice or jury shall find as well the value of the goods and chattels specified in the complaint, and assess the damages which the plaintiff has sustained by the unjust taking and detention thereof, as that he is entitled to the right of possession of such property. Then follows the concluding clause, that *in such case*, that is, where the plaintiff has made his proof, and the justice or jury have found the value of the property and that the plaintiff is entitled to the possession of it, and assessed his damages for the unjust taking or detention, the justice shall immediately enter an order in his docket, that the officer deliver the *same* goods and chattels to the plaintiff, and adjudge that he recover *such* damages and costs. The order for the delivery of the property proceeds from the decision which has been previously made, and the damages which he is to adjudge are those which have already been assessed by himself or the jury. There is therefore no conflict whatever between the two sections, and no ground for saying that the legislature intended that justices should not take time to consider in cases of this kind as well as in others. No good reason can be given why such a distinction should have been made. Such actions often involve as difficult, and sometimes even more difficult and intricate questions than are presented in any others over which justices have jurisdiction, and it is certainly as important that they should be correctly decided, and with as little expense to the parties. On the other hand, the intention of the legislature to subject these actions to the same usages, rules and regulations as other cases before a justice's court, so far as the same are applicable, is expressly declared in section 142. We have seen that there is no difficulty or inconsistency in applying the provisions of section 96 to them, from which it follows that justice *Gallup* did not lose jurisdiction of the cause of *Moore vs. Johnson* by taking seventy-two hours to consider upon it after it was submitted, and that the judgment of the circuit court must be reversed, and a new trial awarded.

Ordered accordingly.